## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STEPHANIE LEWIS,<br>　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　Agency. | DOCKET NUMBERS<br>AT-0752-21-0106-I-1<br>AT-3443-21-0138-I-1<br>AT-3443-21-0155-I-1<br><br>DATE: April 18, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephanie Lewis, Stockbridge, Georgia, pro se.

Karen Rodgers, Montgomery, Alabama, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

¶1　　The appellant has petitioned for review of the initial decisions in the above-captioned appeals. *Lewis v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-21-0106-I-1, Petition for Review (0106 PFR) File, Tab 1; *Lewis v. Department of Veterans Affairs*, MSPB Docket No. AT-3443-21-0138-I-1, Petition for Review (0138 PFR) File, Tab 1; *Lewis v. Department of Veterans*

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

*Affairs*, MSPB Docket No. AT-3443-21-0155-I-1, Petition for Review (0155 PFR) File, Tab 1. We JOIN these appeals.[2] For the reasons set forth below, we DISMISS the appeals as settled.

¶2 After the filing of the petitions for review, the parties submitted a document entitled "SETTLEMENT AGREEMENT" signed by both parties and dated February 23, 2022. 0106 PFR File, Tab 6 at 7-10; 0138 PFR File, Tab 6 at 7-10; 0155 PFR File, Tab 6 at 7-10. The document provides, among other things, for the dismissal of the above-captioned appeals. 0106 PFR File, Tab 6 at 7; 0138 PFR File, Tab 6 at 7; 0155 PFR File, Tab 6 at 7.

¶3 Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, whether they understand its terms, and whether they intend to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). In addition, before accepting a settlement agreement into the record for enforcement purposes, the Board must determine whether the agreement is lawful on its face and whether the parties freely entered into it. *See Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶¶ 10-11 (2017).

¶4 Here, we find that the parties have entered into a settlement agreement and they understand its terms. We further find that the parties do not intend to enter the settlement agreement into the record for enforcement by the Board, as the agreement instead provides for enforcement by the Equal Employment Opportunity Commission (EEOC). 0106 PFR File, Tab 6 at 8-9; 0138 PFR File, Tab 6 at 8-9; 0155 PFR File, Tab 6 at 8-9; *see Grubb v. Department of the Interior*, 76 M.S.P.R. 639, 642-43 (1997) (finding that the parties intended the EEOC, not the Board, to enforce a settlement agreement). As the parties do not

---

[2] The parties have filed the settlement agreement in each of the three appeals. *See, e.g.*, 0106 PFR File, Tab 6. Joinder of two or more appeals filed by the same appellant is appropriate when doing so would expedite processing of the cases and not adversely impact the interests of the parties. *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 9 (2010); 5 C.F.R. § 1201.36(a)(2), (b). We find that these three appeals meet this criterion, and therefore, we join them.

intend for the Board to enforce the settlement agreement, we need not address the additional considerations regarding enforcement and do not enter the settlement agreement into the record for enforcement by the Board.

¶5      In light of the foregoing, we find that dismissing the appeal "with prejudice to refiling" (i.e., the parties normally may not refile this appeal) is appropriate under these circumstances.[3]

¶6      This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[3] The submitted settlement agreement also identifies the appeal in MSPB Docket No. AT-3443-21-0229-I-1 as one of the appeals to be settled by the agreement. 0106 PFR File, Tab 6 at 7. However, the initial decision in that appeal became final effective April 23, 2021, when neither party appealed the initial decision by that date. *Lewis v. Department of Veterans Affairs*, MSPB Docket No. No. AT-3443-21-0229-I-1, Initial Decision at 3 (Mar. 19, 2021). Because the agreement proposing to settle that appeal was submitted more than 2 years after the initial decision became final, it does not fit within any of the regulatory exceptions to the finality of initial decisions and thus cannot be addressed unless the initial appeal is reopened. *See* 5 C.F.R. §§ 1201.113(a), 1201.114(e). Accordingly, if the parties intend to resolve the appeal in MSPB Docket No. AT-3443-21-0229-I-1 by this settlement agreement, they must file a request to reopen that appeal, and the Board will separately consider the parties' reopening request.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                     _____

*Gina K. Grippando*

                                   Gina K. Grippando
                                   Clerk of the Board

Washington, D.C.